IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES D. BRAY                                                                                    PLAINTIFF

vs.                                           Civil No. 4:15-cv-04049

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Charles Bray ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Income Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.     **Background:**

Plaintiff protectively filed his DIB and SSI applications on July 29, 2011. (Tr. 20, 164-178). In this application, Plaintiff alleges being disabled due to chest pain, syncope, shortness of breath, and fatigue. (Tr. 227). Plaintiff alleges an onset date of June 25, 2010. (Tr. 20). These applications were denied initially and again upon reconsideration. (Tr. 20, 89-92).

Plaintiff requested an administrative hearing on May 4, 2012. (Tr. 107). This hearing

1

request was granted. (Tr. 115-119). Plaintiff's administrative hearing was held on April 18, 2013. (Tr. 38-88). Plaintiff was present and was represented by Robyn McWilliams. *Id.* Plaintiff and Vocational Expert ("VE") Russell Bowden testified at this hearing. *Id.* At this hearing, Plaintiff was sixty-one (61) years old and had completed high school. (Tr. 40-41).

On August 27, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 20-32). In this decision, the ALJ determined the Plaintiff met the insured status of the Act through December 31, 2015. (Tr. 23, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 25, 2010. (Tr. 23, Finding 2).

The ALJ next found Plaintiff had the following severe impairments: coronary artery disease and COPD. (Tr. 23, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 25, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 25-32, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform medium work. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 32, Finding 6). The ALJ found Plaintiff was capable of performing his PRW as a truck driver. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 25, 2010, through the date of the decision. (Tr. 32, Finding 7).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 15). *See* 20 C.F.R. § 404.968. On January 5, 2015, the Appeals Council declined to review this unfavorable decision. (Tr. 7-9). On June 1, 2015, Plaintiff filed the present appeal. ECF

No. 1. Both parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff argues the ALJ erred: (1) in failing to fully develop the record, (2) in failing to properly assess Plaintiff's severe impairments, and (3) in the RFC determination. ECF No. 10 at 4-14. Upon review, the Court finds the ALJ did err by finding Plaintiff's anxiety was not a severe impairment. Accordingly, the Court will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th

4

Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ did not find Plaintiff's anxiety was a severe impairment. (Tr. 23, Finding 3). The ALJ recognized this allegation but found Plaintiff had not demonstrated this impairment was severe. *Id.*

On September 27, 2011, Dr. Jonathan Pesco diagnosed Plaintiff with anxiety. (Tr. 490). Dr. Pesco treated Plaintiff for anxiety in 2012 and 2013. (Tr. 492, 556, 663-669, 672-696). On December 8, 2011, Plaintiff underwent a Psychiatric Review Technique performed by Dr. Sheri Simon. (Tr. 501-514). Plaintiff was given mild restrictions for: (1) Activities of Daily Living, (2) Difficulties in Maintaining Social Functioning, and (3) Difficulties in Maintaining Concentration, Persistence, or Pace. (Tr. 511). Such evidence–including the fact Plaintiff received treatment for his anxiety from Dr. Pesco–indicates Plaintiff's anxiety is "more than slight" and would impact him in his ability to do basic work activities. Accordingly, standing alone, these findings provide sufficient evidence demonstrating Plaintiff's anxiety satisfies the low or *de minimis* standard for establishing a severe impairment. Because the ALJ erred by not finding this was a severe impairment, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887 (". . . we reject the Commissioner's argument of harmless error").

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 22nd day of April 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE